JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARONNA C. JACKSON, | Case No. EDCV 16-1991-KK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Sharonna C. Jackson ("Plaintiff") filed a Complaint seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his application for Title XVI Supplemental Security Income Benefits ("SSI"). Plaintiff filed a Motion to Augment the Administrative Record, which the Court construes as a Motion for Remand pursuant to 42 U.S.C. § 405(g) ("Motion"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, Plaintiff's Motion is GRANTED and this action is REMANDED for further proceedings consistent with this Order.

///

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill as Defendant in the instant case.

# I.

# **FACTUAL AND PROCEDURAL BACKGROUND**

On July 11, 2012, Plaintiff filed an application for SSI, alleging a disability onset date of January 1, 2004. Administrative Record ("AR") at 178-86. Plaintiff alleges disability based on Attention Deficit Disorder; Social Anxiety Disorder; Obsessive Compulsive Disorder; Migraines; Bilateral Ankle Deformity; Asthma; and "GI Disorder." Id. at 194. Plaintiff's application was denied initially on January 31, 2013, and upon reconsideration on October 3, 2013. Id. at 87-111.

On November 13, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 133. On November 13, 2014, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 50-82. A vocational expert ("VE") also testified at the hearing. Id. at 82-86. On February 27, 2015, the ALJ issued a decision denying Plaintiff's application for SSI. Id. at 27-43.

On April 28, 2015, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 22-26.

On July 9, 2015, Plaintiff's counsel wrote to the Appeals Counsel and provided additional evidence. ECF Docket No. ("Dkt.") 19, Ex. 1. Specifically, Plaintiff provided a Medical Source Statement from psychiatrist Catherine Stinnett, MD dated June 16, 2015 regarding Plaintiff's mental limitations and requested that it be included in Plaintiff's file. Id. The evaluation form states Dr. Stinnett first examined Plaintiff on May 6, 2010 and thereafter every six to twelve months through her most recent examination on January 8, 2015. Id. at 6. Dr. Stinnett opined Plaintiff had an extreme limitation in her ability to interact appropriately with the public, and marked limitations in her abilities to: (1) maintain attendance and punctuality during a workday and workweek; (2) perform at a consistent pace without more than regular breaks in a work day; (3) interact

appropriately with supervisors; and (4) interact appropriately with co-workers. Id. at 4.

On July 18, 2016, the Appeals Council denied Plaintiff's request for review. AR at 1-7. The Appeals Counsel stated it "looked at" the medical source statement from Dr. Stinnett, but noted the ALJ decided Plaintiff's case through February 27, 2015. Id. at 2. Therefore, the Appeals Counsel held the statement from Dr. Stinnett did not affect the ALJ's decision because it "is about a later time." Id.

On September 18, 2016, Plaintiff filed the instant action challenging the final decision of the Commissioner denying her application for SSI. Dkt. 1, Compl. On April 17, 2017, Plaintiff filed the instant Motion seeking to have the Court remand the case to the ALJ for consideration of Dr. Stinnett's statement. Dkt. 19. On June 21, 2017, Defendant filed an Opposition. Dkt. 25. On June 30, 2017, Plaintiff filed a Reply. The matter thus stands submitted.

## II.

## **STANDARD FOR EVALUATING DISABILITY**

To qualify for SSI, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[2]
4. Is the claimant capable of performing work she has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

///
///
///

---

[2] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for her verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

# III.
# **THE ALJ'S DECISION**

**A.   STEP ONE**

At step one, the ALJ found Plaintiff has not engaged "in substantial gainful activity since . . . the application date." AR at 32.

**B.   STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following 'severe' impairments: major depression; anxiety disorder; and attention deficit hyperactivity disorder (ADHD) (20 CFR 416.920(c))." Id.

**C.   STEP THREE**

At step three, the ALJ found Plaintiff does "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Id. at 33.

**D.   RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to work involving simple repetitive tasks; and she is limited to work involving no more than occasional contact with co-workers, and no public contact.

Id. at 35.

**E.   STEP FOUR**

At step four, the ALJ found Plaintiff "has no past relevant work." Id. at 39.

**F.   STEP FIVE**

At step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Id.

///

# IV.
# DISCUSSION

**A.  APPLICABLE LAW**

Pursuant to 20 C.F.R. § 404.970(b) (2016), "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the [ALJ's] hearing decision. It will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." Id.[3] Therefore, the Appeals Council *must* consider additional evidence that is new, material, and relates to the period on or before the date of the ALJ's decision. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1233 (9th Cir. 2011). New evidence is material if it bears "directly and substantially on the matter in dispute." Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010) (quoting Booz v. Sec'y of Health Human Serv., 734 F.2d 1378, 1380 (9th Cir. 1984) (citation omitted)). "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." Taylor, 659 F.3d at 1232-33 (remanding to ALJ where it was apparent from Appeals Council's denial of review that it had not considered plaintiff's additional evidence).

In addition, the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to

---

[3] Effective January 17, 2017, after the Appeals Council denied review in this case, the regulations regarding when the Appeals Council is required to review new evidence were amended. Notably, the amendment includes a new requirement that the claimant "show good cause for not informing [the Appeals Council] about or submitting the evidence as described in § 404.935." 20 C.F.R. § 404.970(b)(2017).

6

incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). However, the "good cause requirement is often liberally applied." <u>Burton v. Heckler</u>, 724 F.2d 1415, 1417-18 (9th Cir. 1984) (finding good cause was satisfied in a disability benefits termination proceeding where the "new evidence surfaced after the Secretary's final decision and therefore could not have been presented at the termination hearing.").

**B.   ANALYSIS**

Here, remand to the ALJ is appropriate so that the ALJ can reconsider his decision in light of Dr. Stinnett's statement. The Appeal's Council stated it would not consider the new evidence (dated June 16, 2015, after the ALJ's decision) finding it did not relate to the period on or before the date of the ALJ's decision. AR at 2. However, Dr. Stinnett's statement *does* relate to the period before the date of the ALJ's decision. In fact, Dr. Stinnett's most recent examination of Plaintiff was on January 8, 2015, two months after the ALJ hearing and over a month before the ALJ decision. <u>See</u> Dkt. 19, Ex. 1. Therefore, the Appeal's Council improperly declined to consider the new evidence.

Dr. Stinnett's report is material because Dr. Stinnett's finding Plaintiff suffered from one extreme and four marked limitations may have affected the ALJ's RFC determination. As Plaintiff's treating physician of over four years, Dr. Stinnett's opinion should "generally [be] afforded the greatest weight in disability cases." <u>Batson v. Comm'r of Soc. Sec. Admin.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004). In addition, "the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons," and in the case of a conflict a treating physician's opinion "may be rejected [only] for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and internal quotation marks omitted); <u>see also</u> <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1161 (9th Cir. 2014). Therefore, Dr. Stinnett's statement is material

7

because it bears directly and substantially on Plaintiff's mental limitations which are the basis of Plaintiff's RFC.

In addition, the Court finds the good cause requirement of 42 U.S.C. § 405(g) is met. Plaintiff argues that while the reasons for not requesting a statement from Dr. Stinnett earlier are unknown, Dr. Stinnett's statement was not available until prepared by Dr. Stinnett on June 16, 2015, after the ALJ's decision. Dkt. 26 at 3-4. Therefore, the new evidence could not have been presented at the hearing before the ALJ. Hence, liberally applied, the good cause standard is met. See Burton, 724 F.2d at 1417-18.

Moreover, remand is necessary because "there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (citations omitted). Hence, the Court finds "remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." See Taylor, 659 F.3d at 1232-33.

## V.
## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that pursuant to sentence six of 42 U.S.C. § 405(g) this action is REMANDED for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order on counsel for both parties.

Dated: August 30, 2017

/s/ Kenly Kiya Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

8